IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MEGAN DE'AN WHITTINGTON, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 22-1807C <br> (Judge Horn) |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of this Court, defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiff Megan De'an Whittington. In the complaint, Ms. Whittington challenges numerous actions by various state and local agencies, alleging that these agencies committed tortious conduct and constitutional violations against her. Ms. Whittington claims that the state removed her child from her care. Under well-established precedent, however, Ms. Whittington's claims are outside this Court's jurisdiction because the constitutional provisions relied upon by Ms. Whittington are not money mandating, and this Court does not have jurisdiction over tort claims. Accordingly, the complaint should be dismissed in its entirety for lack of subject matter jurisdiction.

## STATEMENT OF THE ISSUES

Whether the Court possesses jurisdiction to entertain Ms. Whittington's claims against a state court and local agencies alleging that those agencies committed torts or constitutional violations that interfered with her parental rights and caused pain and suffering.

STATEMENT OF THE CASE

On September 1, 2021, Ms. Whittington filed a complaint before this Court alleging that numerous state and local agencies committed tortious conduct and constitutional violations against her.  *Megan De'An Whittington v. United States*, Fed. Cl. No. 21-1801 at ECF No. 1.  On November 1, 2021, we filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of this Court, for lack of subject matter jurisdiction.  *Id.* at ECF No. 8.  Ms. Whittington failed to respond to the motion to dismiss, thus on January 4, 2022, this Court dismissed the complaint without prejudice.  *Id.* at ECF No. 10-11.  Thereafter, on March 15, 2022, Ms. Whittington untimely appealed the dismissal to the Court of Appeals for the Federal Circuit, where the court found the appeal was filed outside the 60-day period for filing a notice of appeal. *Whittington v. United States*, No. 2022-1571 (Fed. Cir. July 5, 2022); Fed. Cl. No. 21-1801 at ECF No. 12.  Accordingly, the court dismissed the appeal for lack of jurisdiction.  *Id.*; Fed. Cl. No. 21-1801 at ECF No. 13.

Now, Ms. Whittington again alleges a series of tort and constitutional claims against state and local agencies in Virginia.  Ms. Whittington specifically "realleges all factual statements made in the original complaint [filed on September 1, 2021] against the defendants but also accounts for new defendants . . . ."[1]  ECF No. 1 at pg. 2.  Ms. Whittington appears to claim the

---

[1] Ms. Whittington's previous complaint alleged:  (1) the county court officials refused to allow her to be heard in a case relating to the truancy of her son; (2) the county court improperly convicted her son of truancy; (3) plaintiff's constitutional rights were violated because she was allegedly subjected to a drug test without probable cause; (4) the county social services department violated her "Right to Substantive Due Process under The Fourteenth Amendment" by immediately removing her son from her custody; (5) the county social services failed to file the required petitions for removal and never made a determination of maltreatment or abuse of her son that would have justified removal; (6) the county improperly instructed Ms. Whittington to go to rehab; and (7) Ms. Whittington was most recently wrongfully arrested and convicted of an unidentified crime.  Fed. Cl. No. 21-1801 at ECF No. 1.  Based on these allegations, Ms. Whittington alleged that the Shenandoah Juvenile and Domestic Relations Court and the

following allegations have arisen since her September 1, 2021 filing:  1) The Shenandoah County Juvenile and Domestic Relations Court procedures violated constitutional guarantees of due process and equal protection, resulting in the deprivation of life, liberty, property, and a diminished ability to be heard; and 2) the state forced the break-up of a natural family over the objections of Ms. Whittington and her son, and without a court order and without a showing of unfitness, which Ms. Whittington claims is unconstitutional without there being an immediate threat to the child's health and safety.  *Id.*  It is unclear what relief Ms. Whittington is requesting from this Court, however she does not appear to be requesting a specific sum of money damages.  ECF No. 1 at pg. 3; ECF No. 1-1 at pg. 17; ECF No. 1-2 at pgs. 1-2.

Ms. Whittington generally alleges this Court has jurisdiction to hear this case under 42 U.S. Code § 1983, claiming:

> [T]he First Amendment freedom of association with her child, the Fourth Amendment invasion of privacy, unlawful search and seizure, the Eighth Amendment cruel and unusual punishment, the Fourteenth Amendment the [*sic*] right to due process and equal protection under the law, conspiracy against civil rights, and a Monell claim, wrongful conviction, wrongful imprisonment, malicious prosecution, abuse of process, U.S. Code 241 – conspiracy against rights. 18 U.S. Code 242 – Deprivation of rights under color of law, as well as various state law claims under a broad range of categories, such as negligence, defamation, libel, unlawful searches and seizures, loss of companionship, mental anguish, parental privacy, the burden of litigation, sovereign abuse, involuntary servitude, equal protection of the law, cruel and unusual punishment, humiliation, and injury to reputation, complete loss of self and all or any enjoyment of life, lost earnings, excessive fines, and court fees, and the burden of litigation.

ECF No. 1 at pg. 1.

Ms. Whittington's allegations appear to be directed against state and local agencies or officials.  *Id.*; ECF No. 1-1 at pgs. 1-18.  The allegations in the complaint are not directed against conduct or actions committed by the United States Government.  *Id.*

---

Shenandoah County Department of Social Services have caused her extreme emotional and mental distress.  *Id.* at pg. 1.

ARGUMENT

I.   Ms. Whittington's Claims Are Outside This Court's Subject Matter Jurisdiction

The jurisdictional basis for Ms. Whittington's claims are various constitutional provisions and various tort claims. This Court does not possess subject matter jurisdiction to entertain Ms. Whittington's constitutional claims because the cited provisions do not contain money mandating clauses. Furthermore, this Court does not possess jurisdiction to entertain Ms. Whittington's tort claims under the plain language of the Tucker Act. Accordingly, the complaint should be dismissed in its entirety.

A. Legal Standard on a 12(b)(1) Motion to Dismiss.

A motion to dismiss should be granted when, accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is legally entitled to no relief. *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 938 (Fed. Cir. 2007). Although *pro se* litigants are generally held to a lower standard in pleading and proving the existence of subject-matter jurisdiction, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The existence of jurisdiction is a threshold matter in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). When deciding a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court must assume all factual allegations to be true and draw all reasonable inferences in a plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Once jurisdiction is challenged, however, plaintiffs cannot rely upon

mere allegations; they must bring forth competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

It is well-settled that the Court of Federal Claims is a court of limited jurisdiction. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Court "take[s] cognizance only of those [claims] which by the terms of some act of Congress are committed to it." *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996) (citations and quotation marks omitted). As is relevant here, Congress gave this Court jurisdiction over a limited set of claims through the Tucker Act. 28. U.S.C. § 1491(a)(1). "The Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained." *Payne v. United States*, 139 Fed. Cl. 499, 507 (2018).

As we demonstrate below, Ms. Whittington has not identified a law or constitutional provision mandating compensation by the Federal Government. Nor does Ms. Whittington allege a contract with the Government or seek a refund based on a prior payment made to the Government. *See* Compl., ECF No. 1 at pgs. 2-3. Thus, Ms. Whittington has failed to satisfy her burden of establishing the Court's jurisdiction.

    A.    Ms. Whittington's Complaint Is Based On Alleged Constitutional Violations Over Which This Court Does Not Possess Jurisdiction

Ms. Whittington alleges this Court has jurisdiction pursuant to various provisions of the United States Constitution, including: (1) "the First Amendment freedom of association with her child," 2) "the Fourth Amendment invasion of privacy [and] unlawful search and seizure," 3) "the Eighth Amendment cruel and unusual punishment," and 4) "the Fourteenth Amendment

5

[ ] right to due process and equal protection under the law." ECF No. 1 at pg. 1.  These constitutional provisions do not provide this Court with jurisdiction.

As noted in *Payne*, if a plaintiff invokes this Court's jurisdiction through the Federal constitution, statutory, or regulatory law, the plaintiff must identify a provision that is money-mandating (i.e., a statute that requires the United States to pay money damages if it is liable). 139 Fed. Cl. at 507; *see also Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995).  "If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

The Federal Circuit has repeatedly held the due process clauses in the Fifth and Fourteenth Amendments do not provide a plaintiff with jurisdiction in the Court of Federal Claims because they are not money-mandating.  *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (dismissing claims because Court of Federal Claims does not have jurisdiction based on "Due Process Clauses of the Fifth and Fourteenth Amendments"); *Goforth v. United States*, 813 F. App'x 604, 605 (Fed. Cir. 2020) (same); *Wilson v. United States*, 404 F. App'x 499, 501 (Fed. Cir. 2010) (same); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (same).  Thus, to the extent Ms. Whittington alleges violations of due process, this Court lacks jurisdiction over those claims.  *Id.*

Likewise, this Court lacks jurisdiction to hear a claim based on the First, Fourth, and Eighth Amendments because they are also not money-mandating provisions.  *United States v. Connolly*, 716 F.2d 882, 886-87 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1065 (1984) (the literal terms of the first amendment neither explicitly nor implicitly obligate the Federal Government to

6

pay damages); *Id.* (the First Amendment, standing alone, cannot be interpreted to require the payment of money for its alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court); *see also Hamlet v. United States*, 63 F.3d 1097, 1107 (Fed. Cir. 1995), *cert. denied*, 517 U.S. 1155 (1996) (same); *Featheringill v. United States*, 217 Ct. Cl. 24, 33 (1978) (same); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."); *see also Canuto v. United States*, 615 Fed. Appx. 951, 953 (Fed. Cir. 2015) (same); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment" is not a money-mandating provision); *Burman v. United States*, 75 Fed. Cl. 727, 729 (2007) (same).

To the extent Ms. Whittington attempts to revive claims by simply referring to her previously dismissed complaint, this Court also lacks jurisdiction over Ms. Whittington's claim that a judge violated the Commerce Clause by unlawfully seizing her son. Fed. Cl. No. 21-1801 at ECF No. 1. This Court lacks jurisdiction to hear a claim based on the Commerce Clause for the same reasons stated above – the Commerce Clause does not mandate compensation by the Federal Government. *See Ballard v. United States*, 680 F. App'x 1007, 1008 (Fed. Cir. 2017) ("The COFC properly held that it lacks jurisdiction to address claims based on the Commerce Clause, Ex post Facto Clause, Due Process Clauses, and the Administrative Procedure Act."); *see also Maldonado v. United States*, No. 17-813, 2017 WL 3947552, at *3 (Fed. Cl. Sept. 8, 2017) ("Because the plain language of the Commerce Clause cannot reasonably be interpreted as mandating the payment of compensation to Mr. Maldonado, absent a pertinent, effectuating

7

federal statute, his Commerce Clause claims are outside this court's jurisdiction."); *Harmon-El v. United States*, No. 20-1307C, 2021 WL 1627033, at *2 (Fed. Cl. Apr. 27, 2021) (same).

The Court should dismiss Ms. Whittington's complaint to the extent it relies on the First, Fourth, Fifth, Eighth, or Fourteenth Amendments, or the Commerce Clause, to establish jurisdiction.

B. Ms. Whittington's Complaint Is Based On Alleged Tortious Acts Over Which This Court Does Not Possess Jurisdiction

Ms. Whittington also alleges that the local court and government have committed torts against her under various state laws, including, among other things, defamation, libel, mental anguish, humiliation and injury to her reputation, and complete loss of self and "all or any enjoyment of life." ECF No. 1 at pg. 1. However, the Tucker Act excludes any claims sounding in tort from this Court's jurisdiction:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Court of Federal Claims and the Federal Circuit have repeatedly held the Court of Federal Claims does not have jurisdiction over tort claims. *See, e.g.*, *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir.) ("The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States."), *reh'g denied* (Fed. Cir. 1997); *Ganaway v. United States*, 557 F. App'x 948, 949 (Fed. Cir. 2014) (same); *Payne*, 139 Fed. Cl. at 507 (finding no jurisdiction in the Court of Federal Claims for tort claims). To the extent Ms. Whittington is asserting a tort claim for intentional

8

infliction of emotional distress, or any other claim construed as a tort claim, this Court lacks subject matter jurisdiction.

## CONCLUSION

For these reasons, the Government respectfully requests the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction.

                    Respectfully submitted,

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant Attorney General

                    PATRICIA M. MCCARTHY
                    Director

                    /s/ Deborah A. Bynum
                    DEBORAH A. BYNUM
                    Assistant Director

                    /s/ Anne M. Delmare
                    ANNE M. DELMARE
                    Trial Attorney
                    Commercial Litigation Branch
                    Civil Division
                    Department of Justice
                    P.O. Box 480
                    Ben Franklin Station
                    Washington, D.C. 20044
                    Telephone: (202) 305-0531
                    Fax: (202) 305-2062
                    Anne.m.delmare@usdoj.gov

February 7, 2023                    Attorneys for Defendant

# In the United States Court of Federal Claims

MEGAN DE'AN WHITTINGTON, et al.,  )
)
)
**Plaintiff(s),**  )
)
v.  )
)
**THE UNITED STATES,**  )
)
**Defendant.**  )
)

Case No. 22-1807 C

Judge HORN

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, a copy of Defendant's Motion to Dismiss the complaint for lack of subject matter jurisdiction, was mailed via US Mail, to Megan Whittington and Alic Stanley, at 120 Hottel Road, Woodstock, Virginia 22664.

/s/ Anne M. Delmare
(Signature of Applicant)

Anne M. Delmare
(Printed Name)

1100 L St. NW
(Street Address)

Washington DC 20005
(City, State, ZIP Code)

202-305-0531
(Phone Number)