IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MEGAN DE'AN WHITTINGTON, et al.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant. | 22-1807<br>(Judge Horn) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Pursuant to this Court's Order dated March 21, 2023, defendant, the United States, respectfully submits this reply in support of our motion to dismiss the complaint (ECF No. 8) and in response to the opposition to our motion (ECF No. 9), filed by plaintiff, Megan De'an Whittington. As we previously requested, the Court should dismiss the complaint for lack of subject matter jurisdiction for the reasons stated both in our motion and below.

On December 8, 2022, Ms. Whittington filed a complaint before this Court alleging that numerous state and local agencies in Virginia committed tortious conduct and constitutional violations against her. *Megan De'An Whittington et al., v. United States*, Fed. Cl. No. 22-1807 at ECF No. 1. On February 7, 2023, we filed a motion to dismiss for lack of subject matter jurisdiction because Ms. Whittington's claims are not based upon a money-mandating statute and because this Court does not have jurisdiction over tort claims. ECF No. 8 at 1.

In her response, Ms. Whittington reiterates her claims that various state and local officials violated several constitutional rights by removing her child from her home, prosecuting Ms. Whittington, and imprisoning Ms. Whittington. The response, however, only reiterates and does not change the nature of Ms. Whittington's complaint, which still does not allege a cause of action against the United States based on a money-mandating statute.

Specifically, Ms. Whittington's response again claims that "municipal, judicial, and government employees of Shenandoah County, Commonwealth of Virginia, imprisoned [Ms.] Whittington" and unlawfully removed her child from her home. ECF 9 at 2; ECF 1-1 at 17 (misconduct by state officials resulted in the loss of liberty and "unwarranted tortious interference with parental rights."). Ms. Whittington requests compensatory and punitive damages, reiterating the assertions made in her complaint that state officials wrongfully removed her son and interfered with the parent-child relationships, and wrongfully prosecuted and incarcerated Ms. Whittington in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution. As explained in our Motion to Dismiss the Complaint, however, the Court lacks jurisdiction over claims arising under the Fourth, Fifth, and Fourteenth Amendments because they are not money-mandating provisions.

In addition, Ms. Whittington's complaint must be dismissed because it is grounded in the actions of state actors, not those of the United States. Specifically, Ms. Whittington's claims are against Virginia state officials. ECF No. 9 at 2 (Commonwealth of Virginia "municipal, judicial, and government employees"), *id.* at 3 ("Social workers, prosecutor, two judges, the mayor, a member of the municipal board, and other government officials."). The Tucker Act, however, limits the Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1). Indeed, it is well-established that this Court lacks "jurisdiction over any claims against states, localities, state and local government entities, or state and local government officials and employees." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see also El v. United States*, 122 Fed. Cl. 707, 709 (2015)

(stating that this court does not have jurisdiction "to hear claims against states, state agencies, or state officials."); *Moore v. Pub. Defenders Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").  As Ms. Whittington's "complaint only alleges claims against [local and state] officials, the court lacks subject matter jurisdiction over it and must dismiss it."  *Bey v. United States,* 153 Fed. Cl. 814, 819 (2021).

In sum, Ms. Whittington has failed to invoke the Court's jurisdiction, as Ms. Whittington has failed to present claims against the United States, based upon the Constitution, a statute, a regulation, or an express or implied contract that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).  Accordingly, the Court lacks jurisdiction over Ms. Whittington's complaint and, therefore, it must be dismissed.

## CONCLUSION

For the foregoing reasons, and the reasons we state in our Motion to Dismiss the Complaint, we respectfully request that the Court grant this motion to dismiss the complaint.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

        s/ Steven J. Gillingham
        STEVEN J. GILLINGHAM
        Assistant Director

        /s/ Anne M. Delmare
        ANNE M. DELMARE
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        P.O. Box 480, Ben Franklin Station
        Washington, DC  20044
        Telephone: (202) 305-0531
        E-mail: Anne.M.Delmare@usdoj.gov

March 23, 2023         *Attorneys for the Defendant*

# In the United States Court of Federal Claims

MEGAN DE'AN WHITTINGTON, et al.,

                     **Plaintiff(s),**

v.

**THE UNITED STATES,**

                     **Defendant.**

Case No. 22-1807 C

Judge HORN

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, a copy of Defendant's Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss The Complaint, was mailed via US Mail, to Megan Whittington and Alic Stanley, at 120 Hottel Road, Woodstock, Virginia 22664.

/s/ Anne M. Delmare
(Signature of Applicant)

ANNE M. DELMARE
(Printed Name)

1100 L St. NW
(Street Address)

Washington DC 20005
(City, State, ZIP Code)

202-305-0531
(Phone Number)